SMITH, Judge,
dissents with opinion.
I agree with the city’s contention that the evidence before the trial court, viewed in the light most favorable to the city, was sufficient to justify issuance of a temporary injunction on public nuisance grounds. Although the complaint filed by the city apparently relied on the terms of its ordinance in seeking to alleviate the flooding conditions caused by appellant’s blocking of a natural water drainage way, the city’s entitlement to relief should be determined from the factual circumstances disclosed by the complaint and established by proof rather than whether the complaint expressly categorized the damage created by appellant as a public nuisance. Philbrick v. City of Miami Beach, 147 Fla. 538, 3 So.2d 144 (1941).
I find nothing in the arguments to the court below to substantiate appellant’s claim that he was not fully apprised of the basis for the city’s claims or that he was in any respect prejudiced in his defense by reason of any defect in the notice given by the city under the ordinance or otherwise. As a practical matter, the city’s opening statement to the court at trial accurately summarized the city’s position and gave ample notice of the issues before the court, which were then actually tried by the parties. The city attorney stated:
This is a case in which the City of Jacksonville seeks an injunction against the defendant in this case for obstructing a natural drainage so that water stands in the drainage swells [sic] on both sides of Hood Landing Road and damages the roadway and inundates the driveways of various people who live in the vicinity of where the drainage is obstructed so that they cannot use their toilets because their septic tanks are flooded.
And evidence will also show that there is one elderly lady who is obstructed from getting in and out of her own driveway and getting her mail and other things.
There was no objection to this statement and no statement whatever by appellant’s counsel indicating a different view of the issues.
Admittedly, the evidence before the trial court was conflicting on the question of causation, on the extent to which appellant altered the topography of the area in question, and when such changes were made. These issues were for resolution by the trial judge, who had all the witnesses and exhibits before her at the hearing. The trial court’s decision arrives here clothed with the presumption of correctness, and the order for temporary injunction was clearly justified, based on witnesses presented by the city, in order to return the *1325 parties and the area to the status quo pending a final resolution of the controversy.